

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRIAN STEPHEN KIRABIRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0031 |
| | § | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner BRIAN STEPHEN KIRABIRA has filed with this Court a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition should be DISMISSED as premature.

### I.
### PROCEDURAL HISTORY

Petitioner is a citizen of Uganda who has resided in the United States since 2002. On March 29, 2007, petitioner was arrested in Dallas County, Texas, for failure to identify and unlawful carrying of a weapon.[1] After his arrest, Immigration and Customs Enforcement (ICE) officers took petitioner into their custody and, on April 27, 2007, instituted removal

---

[1]Petitioner appeared before a judge in Dallas County on March 30, 2007, for a bond hearing, and had another court appearance scheduled for April 11, 2007. Petitioner never made the April 11th appearance. According to petitioner, he did not appear because of a hold placed on him by ICE while petitioner was waiting to be released on bond. Petitioner has not been convicted of either offense and is unsure of the current status of these criminal charges.

proceedings against him. On July 12, 2007, an immigration judge denied petitioner's requests for asylum, withholding of removal, and voluntary departure, and ordered petitioner's removal to Uganda. On October 15, 2007, the Board of Immigration Appeals dismissed petitioner's appeal of the immigration judge's order, making the removal order final. On February 14, 2008, petitioner was transferred from the Rolling Plains Detention Center in Haskell, Texas, to a jail in Randall County, Texas, where he is being held pending his removal to Uganda.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges he is being held in violation of the Immigration and Nationality Act (I.N.A.) § 241(a), 8 U.S.C. § 1231(a), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), because the 90-day removal period has expired, and he is still being held in a detention facility. By his application, petitioner is seeking release from detention in order to reside with his family, under the supervision of ICE, until travel documents necessary for his removal have been obtained.[2]

## III.
## PREMATURE PETITION

Under I.N.A. § 241(a)(2), 8 U.S.C. § 1231(a)(2), the government must detain persons subject to removal during the 90-day removal period set out in I.N.A. § 241(a)(1), 8 U.S.C. § 1231(a)(1). Furthermore, the government has the authority to keep certain persons in

---

[2]Petitioner asserts that Ugandan citizens must renew their passports every five years, or the Ugandan government will consider the individual to have forfeited his Ugandan citizenship. As petitioner has been in the United States since 2002, he alleges that Uganda will no longer admit him as a citizen, and, therefore, ICE will be unable to obtain travel documents necessary to return petitioner to Uganda.

2

custody beyond the 90-day removal period, such as those aliens who are inadmissible or have committed criminal offenses. I.N.A. § 241(a)(6), 8 U.S.C. § 1231(a)(6). However, this continued detention is not indefinite. *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In *Zadvydas*, the Supreme Court held that post-removal-period detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.*

To ensure uniformity in the lower courts, the Supreme Court established a presumption that a detention of up to six-months after the end of the removal period is reasonable. *Id.* at 701. However, a detention of longer than six months does not create an automatic right to release. *Id.* Rather, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* The longer an alien is detained beyond six months, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

In the instant case, petitioner became subject to a final removal order on October 15, 2007.[3] Thus, the 90-day removal period did not begin to run until that day. *See* I.N.A. § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i). The removal period in this case did not end until January 13, 2008. Consequently, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241 is premature by almost five months. Petitioner may refile this petition after July 13, 2008–the end of the six-month post-removal period–if he is still in ICE

---

[3]*See Akasike v. Fitzpatrick*, 26 F.3d 510, 511 (5th Cir. 1994) (citing *Johns v. Dep't of Justice*, 653 F.2d 884, 889-90 (5th Cir. 1981)) (holding decision by Board of Immigration Appeals constitutes final order).

custody at that time.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner BRIAN STEPHEN KIRABIRA be, in all things, DISMISSED as premature.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of March 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of

Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).